ORIGINAL

# In the United States Court of Federal Claims

No. 18-112C

(Filed: January 26, 2018)

**NOT FOR PUBLICATION**

**FILED**

JAN 2 6 2018

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| MITCHELL T. TAEBEL, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | Pro Se Complaint; <u>Sua</u> <u>Sponte</u> |
| v. | ) | Dismissal for Want of |
|  | ) | Jurisdiction; RCFC 12(h)(3). |
| THE UNITED STATES, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## ORDER

The following items are currently before the court in this matter: (1) the complaint of <u>pro se</u> plaintiff Mitchell Taebel, ECF No. 1, filed on January 23, 2018; and, (2) plaintiff's application to proceed <u>in forma pauperis</u>, ECF No. 2, filed January 23, 2018. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). <u>See</u> RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.     Background

Plaintiff's complaint states that it is a petition that "raises constitutional violations by the city [Los Angeles] to the U.S. Court." Compl., ECF No. 1 at 1. Indeed, the complaint names the City of Los Angeles as the defendant in this suit. <u>Id.</u> The one-paragraph complaint alleges that local police and the district attorney violated plaintiff's rights. <u>Id.</u> Plaintiff seeks monetary damages in the amount of $500,000,000. <u>Id.</u>

II.    Pro Se Litigants

The court acknowledges that <u>pro se</u> plaintiffs are not expected to frame issues with the precision of a common law pleading. <u>Roche v. USPS</u>, 828 F.2d 1555, 1558 (Fed. Cir.

1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

II.     Jurisdiction

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted). The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damage claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

III.    Analysis

Plaintiff's complaint[1] alleges civil rights violations by the arresting police officers and the district attorney in Los Angeles. It is well settled that violations of constitutional rights, such as the rights to due process and equal protection, do not fall within this court's jurisdiction. Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Further, the only proper defendant in this court is the United States. E.g., United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted). Because plaintiff seeks relief based on civil rights violations committed by local police officers and a district attorney, his claims are not within the jurisdiction of this court. E.g., Jefferson v. United States, 104 Fed. Cl. 81, 88-89 (2012).

---

[1]     The court notes that this is plaintiff's fourth complaint filed over the last two weeks and assigned to the undersigned judge. See Taebel v. United States, Case Nos. 18-063C, 18-064C and 18-108C. The complaint in this matter asserts, more or less, the same constitutional violations as those set forth in his three earlier cases. The only material differences in plaintiff's cases are the arrest described in each suit and the amount in damages claimed. The court has dismissed the complaints in Case Nos. 18-063C, 18-064C, and 18-108C by separate orders on this date.

IV.    Conclusion

The complaint in this case must be dismissed.[2] Plaintiff's application to proceed in forma pauperis is **GRANTED** for the limited purpose of determining this court's jurisdiction. The Clerk of Court is directed to **ENTER** judgment for defendant **DISMISSING** plaintiff's complaint for lack of jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

Additionally, the clerk's office is directed to **return** any future filings not in compliance with this court's rules to plaintiff, **unfiled**, without further order of the court. Further, because plaintiff has repetitively filed complaints which needlessly consume the resources of the court,[3] the court enters the following anti-filing injunction:

> Mr. Taebel is immediately **ENJOINED** from filing any new complaints with this Court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims to do so. Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8; in particular the complaint must identify the source of law supporting this court's jurisdiction over the claims asserted.

Thus, the Clerk's Office is directed to **reject** all future complaints from Mr. Taebel unless filed by leave of the Chief Judge.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge

---

[2]    The court has considered transfer of this suit to another federal court, but declines to do so because civil rights claims in California are subject to a one-year statute of limitations, a period which has run on the claims asserted here. See, e.g., Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999).

[3]    In addition to the cases assigned to the undersigned judge, Mr. Taebel filed two cases at the end of December 2017, Case Nos. 17-2034C and 18-25C, the latter of which was dismissed for lack of jurisdiction.